IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHRIS KNITTEL,**

    **Plaintiff,**

vs.                                                                    No. CIV 05-0816 DJS/LAM

**LINCOLN GENERAL INSURANCE COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Opposed Motion for Remand to State Court and Brief in Support **[Doc. No. 5]**, filed August 3, 2005, and fully briefed August 26, 2005. Plaintiff moves the Court to remand this action on the grounds that Defendant has not met its burden of proof as to the amount-in-controversy or the citizenship requirement. Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion is not well taken and will be denied.

On June 21, 2005, Plaintiff filed his Complaint for Breach of Contract, Bad Faith and Statutory Violations in the First Judicial District Court. Pursuant to Rule 1-010B of the New Mexico Rules of Civil Procedure, Plaintiff did not allege a specific amount of damages in his complaint. *See* N.M.R.Civ.P. 1-010B.[1] However, under Count 1 (Breach of Contract) of his complaint, Plaintiff requests compensatory damages in the amount of $25,000 and punitive damages. Compl. at ¶¶39, 40. Under Count 2 (Breach of the Covenant of Good Faith and Fair

---

[1] Rule 1-010B provides that "[u]nless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount."

Dealing), Plaintiff requests damages "in amounts to be determined at trial" and punitive damages. *Id.* at ¶¶43, 44.  Under Count 3, Plaintiff alleges violations of §59A-16-20 of the Trade Practices and Fraud Article of the insurance code and requests damages "in amounts to be proven at trial" and punitive damages.  *Id.* at ¶¶48, 49.

On July 28, 2005, Defendant removed this action to federal court pursuant to 28 U.S.C. §1332, diversity of citizenship.[2]  Prior to removal, Defendant requested a stipulation from Plaintiff, stipulating that the amount of damages Plaintiff sought did not exceed $75,000.  Plaintiff refused to stipulate to this amount.  In its notice of removal, Defendant claims the action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.[3]  In addition, Defendant argues the Court should consider Plaintiff's request for punitive damages and attorney's fees in determining whether it has met it burden to show that the amount in controversy exceeds $75,000.  Defendant also sets forth similar cases in which awards of punitive damages were well above the jurisdictional amount.

A federal court determines the amount-in-controversy between the parties on the facts as they exist at the time defendant files a notice of removal.  *Simon v. Wal-Mart Stores, Inc.*, 193

---

[2] Section 1332 states in pertinent part:

(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
    (1)  citizens of different states;

[3] Plaintiff is a citizen of California and Defendant is a foreign corporation with its principle place of business in Pennsylvania.  *See* Compl. ¶1,2.; *See also* Def.'s Notice of Removal ¶7. Therefore, the sole issue is whether Plaintiff's action satisfies the $75,000 amount-in-controversy requirement of 28 U.S.C. §1332.

F.3d 848, 851 (5th Cir. 1999).  In order to ascertain the amount-in-controversy when it is not apparent on the face of a plaintiff's state court complaint, the court must consider (1) plaintiff's cause of action as alleged in the complaint, (2) the notice of removal the defendant filed with the federal court, and (3) other relevant materials in the record.  *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1111 (D.N.M. 2000)(citing 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §3725 at 73 (3d ed. 1998)).  In a case originally filed in state court and thereafter removed to federal court, a presumption exists against removal jurisdiction.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Thus, the court must resolve all doubts against removal.  *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

In determining whether the jurisdictional amount requirement is satisfied, the Court may consider punitive damages.  *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943);*Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241, 1245 (10th Cir. 1996).  The Court may also consider attorney's fees when permitted by statute.  *See Miera v. Dairyland Insurance Company*, 143 F.3d 1337, 1340 (10th Cir. 1998)("The Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.").

Moreover, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the "*underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000]."  *Laughlin*, 50 F.3d at 873.  A defendant requesting removal must prove this by a preponderance of the evidence; in other words, the defendant must show that the amount in

controversy more likely than not exceeds $75,000.  *Varela*, 86 F.Supp.2d at 1111.  In determining whether a defendant has met its burden, the Court "may consider the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is *not* seeking damages in excess of the requisite amount."  *Hanna v. Miller*, 163 F.Supp.2d 1302, 1306 (D.N.M. 2001).

In this case, Plaintiff requests compensatory damages in the amount of $25,000 and punitive damages under Count I of his complaint, damages "in amounts to be determined at trial" and punitive damages under Count II, and damages "in amounts to be proven at trial" and punitive damages under Count III.  Additionally, under Count III, Plaintiff may recover attorney's fees pursuant to §59A-16-30.  Section 59A-16-30 states in pertinent part:

> Any person covered by Chapter 59A, Article 16 NMSA 1978 who has suffered damages as a result of a violation of that article by an insurer or agent is granted a right to bring an action in district court to recover actual damages.  Costs shall be allowed to the prevailing party unless the court otherwise directs.  The court may award attorney's fees to the prevailing party if:
>
> B.  the party charged with the violation of that article has willfully engaged in the violation.  The relief provided in this section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this state;

N.M.Stat.Ann. §59A-16-30.  Thus, examining the complaint at the time it was filed and aggregating Plaintiff's claims for breach of contract, bad faith, and his claim pursuant to §59A-16-20, including the claim for punitive damages and attorney's fees, the Court finds that Defendant has met its burden to show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds $75,000.  Therefore, Plaintiff's Complaint satisfies the jurisdictional

amount required by §28 U.S.C. §1332.  Accordingly, Plaintiff's Opposed Motion For Remand to State Court is denied.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Opposed Motion For Remand to State Court is DENIED.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**