IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS KNITTEL,

        Plaintiff,

vs.                                                                    No. CIV 05-0816 DJS/LAM

LINCOLN GENERAL INSURANCE
COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Stay of Proceedings

**[Doc. No. 22]**, filed October 11, 2005, and fully briefed on October 25, 2005.  Defendant moves

the Court for a stay of proceedings until a final, non-appealable order is entered in the state

action, *Chris Knittel v. Lincoln General Insurance Company,* No. CV-2004-453.  Defendant

appealed the state district court's judgment in that matter and is awaiting a ruling from the New

Mexico Court of Appeals.

### I.  Background

On November 30, 2004, Plaintiff filed a declaratory judgment action in McKinley County,

New Mexico against Defendant, alleging he was entitled to policy limits and punitive damages

stemming from an injury Plaintiff sustained on September 12, 2003.  The issues in the state action

were (1) whether California law rather than New Mexico law applied to Plaintiff's claim for

punitive damages and (2) whether Defendant was entitled to a third party recovery offset.  On

May 31, 2005, the state district judge entered summary judgment against Defendant.  The state

district judge found that New Mexico law applied to Plaintiff's claim for punitive damages under the underinsured motorist insurance (UIM) policy and that Defendant was not entitled to a $25,000 offset that Plaintiff received from the tortfeasor.  Defendant paid a portion of the UIM claim and appealed the judgment to the New Mexico Court of Appeals.  The "sole issues on appeal are coverage under the policy for claimed punitive damages and whether [Defendant] is entitled to an offset for the payment made by the tortfeasor's liability insurance carrier."  Def.'s Ex. A.  The matter is before the New Mexico Court of Appeals, with summary affirmance proposed on September 2, 2005.

In response to Defendant's appeal of the state district court's judgment, on June 21, 2005, Plaintiff filed his Complaint for Breach of Contract, Bad Faith, and Statutory Violations in the First Judicial District Court.  Plaintiff alleged Defendant breached the contract of insurance when it failed to pay Plaintiff the balance of the UIM claim ($25,000), and it actions were intentional and justified an award of punitive damages.  Additionally, Plaintiff alleged Defendant acted in bad faith in the handling of his claim and violated the Unfair Claims Practices section of the Insurance Code, N.M.Stat.Ann. §§59A-16-20 and -30.[1]  On July 28, 2005, Defendant removed the action to federal court.

## II.  Discussion

It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of "economy of time and effort for itself, for counsel,

---

[1] Section 59A-16-20 of the Trade Practices and Fraud Article (Article 16) of the Insurance Code prohibits insurance companies from engaging in certain "unfair and deceptive practices," which include "not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear."  N.M.Stat.Ann. §59A-16-20E.

and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  The decision of whether to stay an action rests in the sound discretion of the district court.  *State Farm Mut. Auto. Ins. Co. v. Scholes*, 601 F.2d 1151, 1154 (10th Cir. 1979).  "One of the factors to be considered in exercising this discretion is "whether the claims of all parties in interest can satisfactorily be adjudicated in the [the state court] proceeding.  *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 668 (10th Cir.1990)(quoting *Scholes*, 601 F.2d at 1155)).

Defendant contends the Court should stay the proceedings in this case until the New Mexico Court of Appeals issues it ruling.  Defendant contends that "[i]n the event the New Mexico appellate courts reverse the Mckinley County District Court ruling on summary judgment, much of the claims set forth herein will have been disposed of."  Def.'s Mot. to Stay at 3 (emphasis added).

Plaintiff disagrees with Defendant's characterization of his Complaint.  Plaintiff contends that in addition to his claim against Defendant for failure to pay, "he has made *numerous* other allegations" to support his Bad Faith claim and his claim for statutory violations of §59A-16-20 of Article 16 of the Insurance Code.  Pl.'s Resp. at 2.  A review of the Complaint supports Plaintiff's contention.  *See* Compl. ¶¶ 42 & 47.  Therefore, if the New Mexico Court of Appeals rules in favor of Defendant, this would only affect Count I of Plaintiff's Complaint and would not end the litigation in this Court.  Moreover, it appears that Defendant intends to appeal an unfavorable ruling by the New Mexico Court of Appeals.  Plaintiff should not have to wait for a ruling on Count I before he can move forward with Counts II and III of his Complaint.  Accordingly, the Court will exercise its discretion and deny Defendant's Motion For Stay of Proceedings.

**NOW, THEREFORE,**

3

**IT IS HEREBY ORDERED** that  Defendant's Motion For Stay of Proceedings [Doc. No. 22], filed October 11, 2005, is **DENIED.**


_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**